# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LOUISE MALBORN-REDDIX       *
5405 13th Avenue       *
Chillum, Maryland 20782       *
      *
***On Behalf of Herself and***       *
***All Others Similarly Situated***       *
      *
      PLAINTIFFS,       *
      *
      v.       *     Case No.:
      *
HOWARD UNIVERSITY       *
d/b/a Howard University Hospital       *
2400 Sixth Street, NW       *
Washington, DC 20059       *
      *
      SERVE:  Office of the General Counsel       *
      2400 Sixth Street, NW       *
      Washington, DC 20059       *
      *
      DEFENDANT.       *

*************************************************************************

## CLASS ACTION COMPLAINT

Plaintiff Louise Malborn-Reddix ("Plaintiff"), by and through undersigned counsel, on behalf of herself and all others similarly situated, hereby submits this Class Action Complaint against Defendant Howard University d/b/a Howard University Hospital ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA"), as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of the State of Maryland.  At all times throughout the course of Plaintiff's employment with Defendant, Plaintiff performed work duties as an hourly employee at Howard University Hospital in Washington, D.C.  Plaintiff's consent to participate in this lawsuit is attached hereto as Exhibit 1.

2.      The class members are current and former hourly employees of Defendant who Defendant suffered or permitted to work without pay for all hours of work duties performed, including applicable overtime premium pay, pursuant to Federal and District of Columbia law.

3.      The class members are defined as those employees who fall within one of the following classes:

CLASS I:    All current and former hourly paid employees of Defendant whose compensable time was subject to deductions or adjustments to reflect that less time was worked when Defendant suffered or permitted such work to be performed, including during "lunch" or "meal" breaks;

CLASS II:   All current and former hourly paid employees of Defendant who were suffered or permitted to work more than forty (40) hours in one or more work weeks, thus entitled to be compensated at a rate of one-and-one-half (1½) times their regular rates of pay for the time they worked in excess of forty (40) hours per week, but were subject to Defendant's policy not to compensate Plaintiff and the class members at the premium rate of pay for hours over forty (40) per week.

4.      At all times, Plaintiff and all class members were "employees" of Defendant and Defendant was Plaintiff and all class members' "employer" for purposes of the FLSA, DCMWA, and DCWPA.

5.      Defendant is a university of higher learning located in the District of Columbia. At all times, Defendant operated and did business as Howard University Hospital, a hospital providing medical care in the District of Columbia.  At all times, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the

FLSA (29 U.S.C. § 203(s)(1)).  At all times, Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).  At all times, Plaintiff and all class members were individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

6.      This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question).  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## CLASS ACTION ALLEGATIONS

7.      The claims arising under this Complaint are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

8.      The class size is believed to be at least one thousand (1,000) former and current employees of Defendant, making joinder of all members impracticable.

9.      Plaintiff will adequately represent the interest of the class members because Plaintiff is similarly situated to the class members and her claims are typical of, and concurrent to, the claims of the other class members.

10.      There are no known conflicts of interest between the Plaintiff and the other class members.

11.      Class counsel, The Zipin Law Firm, LLC, is qualified and able to litigate Plaintiff and the class members' claims.

12.      The Zipin Law Firm, LLC concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under Federal and District of Columbia wage and overtime laws.

13.     Common questions of law and fact predominate in this action because all of the class claims implicate the same wage laws of the District of Columbia.

14.     The class action is maintainable under Federal Rule 23 because the class action is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein.

15.     The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class, and adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

16.     Absent this action, the class members likely will not obtain redress of their injuries and Defendant would retain the proceeds of its violations of Federal law and the laws of the District of Columbia.

## STATEMENT OF FACTS

17.     Plaintiff is currently employed by Defendant and has been employed by Defendant since about 2004. While in Defendant's employ, Plaintiff has performed medical related job duties at Howard University Hospital as a Registered Nurse. At all times, Plaintiff was paid as an "hourly" employee. Plaintiff's current regular pay rate is $40.75 per hour.

18.     From at least 2007 through the present, Defendant has maintained a company-wide payroll policy of deducting a half-hour from Plaintiff and all class members' compensable time for scheduled non-working "meal" or "lunch" break periods. Defendant made these

deductions automatically and without ensuring that employees are completely relieved of work - related duties during that time.

19.     Plaintiff and other members of the class, as a consequence of the high stress and fast - paced environment of hospital work, had and have no choice but to habitually work through or skip their scheduled "meal" or "lunch" breaks or are interrupted during their "meal" or "lunch" breaks.  As a consequence, Plaintiff and other class members often simply do not take the time allowed for the break and deducted in accordance with the policy.

20.     Further, as a consequence of the high stress fast - paced environment of hospital work, it is and was completely impractical if not impossible for Plaintiff and other class members to get "pre-approval" for "no lunch" as Plaintiff and other class members could not predict when they would have to miss their lunch period.

21.     By operation of Defendant's company-wide payroll policy, Defendant habitually reduced and deducted from Plaintiff and other class members compensable time unlawfully and impermissibly.

22.     Plaintiff and all class members were all subject to Defendant's company-wide payroll policy and have not been fully compensated for work they have performed during "lunch" or "meal" breaks.

23.     In many instances, if Plaintiff or other class members' hours had been properly calculated, the time they spent working through the "lunch" or "meal" breaks would have resulted in their qualifying for overtime compensation.

24.     As a result of Defendant's company-wide payroll policy, Defendant did not compensate Plaintiff and other class members at the statutory overtime rate of one-and-one-half (1½) times their regular rate of pay for all hours worked each week in excess of forty (40).

25.     Defendant's unlawful and impermissible deductions from Plaintiff and other class members' pay constitute willful violations of District of Columbia and Federal wage and overtime laws.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

26.     Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-25 above, as if each were set forth herein.

27.     Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

28.     Plaintiff and other class members were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant was their "employer" under § 207(a)(2). Defendant, as the employer, was obligated to compensate Plaintiff and other class members for all overtime hours worked at the FLSA required overtime rate.

29.     Plaintiff and other class members habitually worked through or skipped their scheduled "meal" or "lunch" breaks or were interrupted during their "meal" or "lunch" breaks so that they did not take the time pre-deducted by Defendant for the "lunch" or "meal" breaks.

30.     Notwithstanding this fact, Defendant maintained a company-wide payroll policy of automatically pre-deducting a half-hour from Plaintiff and other class members' compensable time for scheduled non-working "meal" or "lunch" break periods without ensuring that Plaintiff and other class members were completely relieved of work - related duties during that time.

6

31.     As a consequence of Defendant's company-wide payroll policy, Defendant improperly and unlawfully reduced and deducted compensable time from Plaintiff and other class members' pay.

32.     In many instances, if Plaintiff or other class members' hours had not been improperly or unlawfully deducted, and had been properly calculated, the time they spent working through the "lunch" or "meal" breaks would have resulted in their working or qualifying for overtime compensation.

33.     As a result of Defendant's company-wide payroll policy, Defendant did not compensate Plaintiff and other class members at the statutory overtime rate of one-and-one-half (1½) times their regular rate of pay for all hours worked each week in excess of forty (40).

34.     Defendant's failure and refusal to pay Plaintiff and other class members overtime compensation as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiff and all other class members under Count I for all unpaid overtime wages in such amounts to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

35.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-34 above, as if each were set forth herein.

36.     Plaintiff and all other class members were "employees," and Defendant was Plaintiff and all other class members' "employer" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*  Under the DCMWA, Defendant is and was required to compensate

Plaintiff and all other class members at the rate of one-and-one-half (1½) times their regular hourly rate for all hours worked per week in excess of forty (40).

37.     Plaintiff and other class members habitually worked through or were forced to skip their scheduled "meal" or "lunch" breaks or were interrupted during their "meal" or "lunch" breaks so that they did not take the time pre-deducted by Defendant for the "lunch" or "meal" breaks.

38.     Notwithstanding this fact, Defendant maintained a company-wide payroll policy of deducting a half-hour from Plaintiff and other class members' compensable time for scheduled non-working "meal" or "lunch" break periods without ensuring that Plaintiff and other class members were completely relieved of work - related duties during that time.

39.     As a consequence of Defendant's company-wide payroll policy, Defendant improperly and unlawfully reduced and deducted compensable time from Plaintiff and other class members' pay.

40.     In many instances, if Plaintiff or other class members' hours had not been improperly or unlawfully deducted, and had been properly calculated, the time they spent working through the "lunch" or "meal" breaks would have resulted in their qualifying for overtime compensation.

41.     As a result of Defendant's company-wide payroll policy, Defendant did not compensate Plaintiff and other class members at the statutory overtime rate of one-and-one-half (1½) times their regular rate of pay for all hours worked each week in excess of forty (40).

42.     Defendant's failure and refusal to pay Plaintiff and other class members overtime compensation as required by the DCMWA was willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiff and all other class members under Count II for all unpaid overtime wages in such amounts to be proven at trial, additional liquidated damages as available under the DCMWA, plus interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

<u>**COUNT III**</u>
**Violation of D.C. Wage Payment and Wage Collection Act**

43.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-42 above, as if each were set forth herein.

44.     Plaintiffs and all class members were "employees," and Defendant was Plaintiff and all class members' "employer" within the meaning of the DCWPA, D.C. Code §§ 32-1301 *et seq.* Under the DCWPA § 32-1302, Defendant, as Plaintiff and all class members' employer, was obligated to pay Plaintiff and all other class members all wages due for all work that Plaintiff and all class members performed.

45.     Plaintiff and class members habitually worked through or were forced to skip their scheduled "meal" or "lunch" breaks or were interrupted during their "meal" or "lunch" breaks so that they did not take the time pre-deducted by Defendant for "lunch" or "meal" breaks.

46.     Notwithstanding this fact, Defendant maintained a company-wide payroll policy of deducting a half-hour from Plaintiff and other class members' compensable time for scheduled non-working "meal" or "lunch" break periods without ensuring that Plaintiffs and other class members were completely relieved of work-related duties during that time.

47.     As a consequence of Defendant's company-wide payroll policy, Defendant improperly and unlawfully reduced or deducted compensable time from Plaintiff and other class members' pay.

48.    As a result of Defendant's company-wide payroll policy, Defendant did not pay Plaintiff and other class members all wages due for all hours of work duties performed, as required by the DCWPA.

49.    Defendant's failure and refusal to pay Plaintiff and other class members all wages due as required by the DCWPA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and other class members and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff and other class members under Count III for all unpaid wages in such amounts to be proven at trial, additional liquidated damages as available under the DCWPA, interest (both pre- and post- judgment), reasonable attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Philip B. Zipin, Bar No. 367362
Gregg C. Greenberg, Bar No. MD17291
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
(301) 587-9397 (fax)
Email: pzipin@zipinlaw.com
          ggreenberg@zipinlaw.com

*Counsel for Plaintiff*